# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY



**MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE**
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
**JUDGE**

December 27, 2005

# LETTER OPINION

James Katz
Jennings Sigmond, PC
1040 North Kings Highway
Suite 300
Cherry Hill, NJ 08034

      (*Counsel for Plaintiffs*)

James G. Gardner
McElroy, Deutsche, Mulvaney & Carpenter LLP
1300 Mount Kemble Drive
Morristown, NJ 07962-2075

      (*Counsel for Defendant*)

      **RE:   Miller v. Adco Liberty Mfg. Corp.**
            **Civ. No. 04-3378 WJM**

Dear Counsel:

      This matter comes before the Court on Plaintiffs' motion for attorneys' fees and costs under Sections 502(g)(2)(d) and 4301(b) of the Employee Retirement Income Security Act ("ERISA").  There was no oral argument.  Fed. R. Civ. P. 78.  For the following reasons, the motion is **GRANTED IN PART**.

## Background

      Plaintiff Retail, Wholesale and Department Store International Union and Industry Fund ("Plaintiff") is seeking attorneys' fees and costs pursuant to this Court's grant of summary judgment in their favor on August 8, 2005.  *See Miller v. Adco Liberty Mfg. Corp.*, No. 04-3378, 2005 U.S. Dist. LEXIS 18430 (D.N.J. Aug. 8, 2005).  In that case, Plaintiff brought suit against Defendant Adco Liberty Manufacturing Corp. ("Defendant") for failure to pay its withdrawal liability obligations as required under 29 U.S.C. §§ 1382, 1399.  In our order granting summary judgment, we awarded Plaintiff its withdrawal liability, plus interest and liquidated damages.

*See Miller*, 2005 U.S. Dist. LEXIS 18430, at *12.

Plaintiff now moves before this Court, pursuant to Sections 502(g)(2) and 4301(b), 29 U.S.C. §§ 1132(g)(2)(d), 1451(b), for an order awarding it $87,437.50 in attorneys' fees and $1,912.50 in costs. The fees were incurred while litigating this matter. Four attorneys from Plaintiff's law firm, Friedman & Wolf of New York, New York ("Friedman & Wolf"), worked on this matter from March 2004 to August 2005. The firm billed at an hourly rate of $350.00 through December 1, 2004, and at an hourly rate of $375.00 from December 1, 2004 to the present, regardless of seniority at the firm.

Two Friedman & Wolf attorneys performed the majority of work on this matter. The first is an associate who graduated from law school in 1999 and has been practicing employee benefits law since 2003. She spent 148.75 hours on the matter. The second is a partner who graduated from law school in 1986 and has been practicing employee benefits law ever since. He spent 62.25 hours on the matter. Two other attorneys worked on the case. One is a partner with over forty years of legal experience. He spent 5.25 hours on the matter. The other is an associate who graduated from law school in 1997 and has been practicing employee benefits law since 2001. She spent 18.25 hours on the matter.

Defendant opposes Plaintiff's request on several grounds. First, Defendant argues that the time spent on this matter was excessive. Second, Defendant argues that Plaintiff should not recover for any time spent on a motion to stay discovery filed in this matter because it was unnecessary. Third, Defendant argues that the fees are excessive. Finally, Defendant argues that Plaintiff should not recover any costs associated with electronic research because such costs are properly considered overhead.

## Discussion

An action to recover withdrawal liability is treated in the same manner as a delinquent contribution matter under 29 U.S.C. § 1145. 29 U.S.C. § 1451(b). Under the delinquent contribution provisions, certain remedies are mandatory in an action by a pension fund to enforce the collection of contributions. *See* 29 U.S.C. § 1132(g)(2)(d). One such remedy requires a prevailing party to receive "reasonable attorney's fees and costs of the action, to be paid by the defendant." 29 U.S.C. § 1132(g)(2)(d).

The reasonableness of an award of attorneys' fees under 29 U.S.C. § 1132(g)(2)(d) is calculated using the "lodestar" method. *See O'Farrell v. Twin Bros. Meats*, 889 F. Supp. 189, 192 (E.D. Pa. 1995) (applying lodestar method to determination of reasonableness of fees under § 1132(g)(2)(d)); *Schaffer v. Benkins Co.*, No. 92-5278, 1994 U.S. Dist. LEXIS 5348, at *1-2 (E.D. Pa. Apr. 22, 1994) (same). Under the lodestar method, the Court must first determine what constitutes a reasonable billing rate. *O'Farrell*, 889 F. Supp. at 192. Second, the court must determine whether the billable hours are reasonable. *Id*. Third, the court must then multiply the reasonable billable hours expended by the reasonable hourly rate to reach the lodestar amount.

*Id.* (citing *David v. AM Int'l*, 131 F.R.D. 86, 89 (E.D. Pa. 1990)).  Fourth, the court can adjust this figure after weighing other factors.  *Id.*  (citing *Hensley*, 461 U.S. at 434-35).

Beginning first with Defendant's argument that Friedman & Wolf's fees were excessive, we agree with this point.  A reasonable billing rate is calculated generally according to the prevailing market rates in the relevant community.  *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001).  The relevant community in this case is the situs of the litigation, i.e., Newark, New Jersey.  *See Interfaith Cmty. Org. v. Honeywell Int'l Inc.*, 426 F.3d 694, 704 (3d Cir. 2005) (applying "forum rate rule" where out-of-town lawyers receive "the hourly rate prevailing in the district where the litigation is lodged."); *In re Fine Paper Antitrust Litigation*, 751 F.2d 562, 590 (3d Cir. 1984) (same).[1]  To determine the prevailing market rate, we can turn to rate surveys.  *See Interfaith Cmty. Org.*, 336 F.Supp. 2d. at 387.  According to one rate survey, one of Newark's largest firms, McCarter & English, billed 6th, 7th, and 8th year associates at rates ranging from $250 to $275 per hour.  *See* The National Law Journal, Billing Rates for Junior and Senior Associates, http://www.law.com/jsp/newswire_article.jsp?id=1102340171889.

With this in mind, we must lower Plaintiff's request by $19,987.50.  The partners' fees of $350.00-$375.00 per hour seem reasonable.  However, charging the same amount for work performed by associates does not.  The associate who graduated from law school in 1999, and was a 6th-year associate at the time of the litigation, should be billed an hourly rate of $250.00.  The associate who graduated law school in 1997 should be billed at an hourly rate of $275.00.  When multiplying these rates with the hours billed by each associate (148.75 and 18.25, respectively), their "lodestar" is $42,206.25.  When added to the amount billed by the Friedman & Wolf partners, i.e., $25,243.75, the total fees Plaintiff is entitled to receive becomes $67,450.00.

Defendant's contention that the time spent on the matter was excessive is without support.  From reviewing Friedman & Wolf's time sheets, and considering the complexity of the underlying litigation, it is not apparent that they spent excessive time on this matter.  Defendant's second argument that a motion to stay discovery filed by Plaintiff in this matter was unnecessary is also without support.  Defendant only states that the motion was quickly dismissed by the magistrate to support its argument that the motion was unreasonable.  Without more, this Court has nothing to rely on in determining the reasonableness of the motion.  Finally, Defendant's remaining argument that the Plaintiff is not entitled to costs related to electronic research is incorrect.  In this circuit, "fee applicants are generally compensated for reasonable expenses such

---

[1]Since *Fine Paper*, the Third Circuit has awarded attorney fees based on the forum rate rule, unless the facts fall under two exceptions: (1) "when the need for the special expertise of counsel from a distant district is shown," or (2) "when local counsel are unwilling to handle the case."  *Task Force*, 108 F.R.D. at 261; *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694 (3d Cir. 2005). Defendant has not proffered any evidence to substantiate either exception to the forum rate rule.  Therefore, this Court will apply the reasonable hourly rates of law firms in New Jersey.

as costs stemming from computer research." *Apple Corps. v. Int'l Collectors Soc'y*, 25 F. Supp. 2d 480, 498 (D.N.J. 1998).

## **Conclusion**

     For the foregoing reasons, Plaintiff's motion for attorneys' fees and costs under Sections 502(g)(2)(d) and 4301(b) of ERISA is **GRANTED IN PART** and Plaintiff is awarded $67,450.00 in attorneys' fees and $1,912.50 in costs.  An appropriate order accompanies this letter opinion.


               s/ William J. Martini
               **William J. Martini, U.S.D.J.**